UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THEODORE EBEYER et al, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | 1:08-cv-0322-JMS-LJM |
| | ) | |
| TALLEY et al, | ) | |
|     Defendants. | ) | |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendant Carlos Lam's Motion to Dismiss (Dkt. # 24). The motion is fully briefed, and being duly advised, the Court **GRANTS** the motion for the reasons set forth below.

**Background**

Plaintiffs filed this action on March 11, 2008 pursuant to 42 U.S.C. § 1983[1] against various defendants including Johnson County Deputy Prosecutor Carlos Lam ("Lam"), individually and in his official capacity. Plaintiff Theodore Ebeyer ("Ebeyer") specifically alleges Lam refused to return a cash bond Ebeyer had posted after an arrest for which no formal charges were subsequently brought. Ebeyer claims this constitutes a taking of his property without due process of law as required by the Fifth and Fourteenth Amendments of the United

---

[1]Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 423 U.S.C. § 1983.

States Constitution.

Lam moves to dismiss the claim against him pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Lam argues Ebeyer has failed to state a claim for relief because he has not suffered any violations of his Fifth and Fourteenth Amendment rights to due process because there are state remedies available to him by which he may seek the return of his property. Lam further claims the receipt, retention and remittance of a cash bond are not entrusted to a prosecutor or his deputy under Indiana law. Lam also contends he is entitled to sovereign immunity and is not a person for the purposes of 42 U.S.C. § 1983, and Court therefore lacks subject matter jurisdiction, requiring dismissal pursuant to Rule 12(b)(1).

**Legal Standards**

If the Court lacks subject matter jurisdiction, then dismissal is mandated by Rule 12(b)(1). *Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Id.* The Court must accept as true the factual allegations of the complaint, viewing them in the light most favorable to the Plaintiffs, and making all reasonable inferences in their favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995). However, the Court may look beyond the complaint and review any other evidence submitted by the parties in order to determine whether jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996). The Plaintiffs bear the burden of demonstrating that the Court has subject matter jurisdiction. *Rogers v. Sugar Tree Prod.,* 7 F.3d 577, 581 (7th Cir. 1993).

A party moving to dismiss pursuant to F.R.C.P. 12(b)(6) must show that the pleading itself fails to provide a basis for any claim for relief under any set of facts. *Ed Miniat, Inc. v.*

*Globe Life Ins. Group Inc.,* 805 F.2d 732, 733 (7th Cir. 1986).  In examining a Rule 12(b)(6) motion, the Court will treat all well-pleaded factual allegations as true, and construe all inferences that may be reasonably drawn from those facts in the light most favorable to the nonmovant, in this case, Plaintiffs.  *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003).

While Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the statement must be enough "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  In *Bell Atlantic,* the Supreme Court observed that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964-65.  Rather, the factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.

The Seventh Circuit has read *Bell Atlantic* together with the Supreme Court's decision shortly thereafter in *Erickson v. Pardus,* 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2207) to say "that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663 (7th Cir. 2007).

**Analysis**

**I.  12(b)(1) and Sovereign Immunity**

Lam contends that as a deputy prosecuting attorney employed by the State of Indiana he is a state official and is entitled to sovereign immunity from all claims asserted against him when sued in his official capacity.  Sovereign immunity would bar Ebeyer's claim due to lack of subject matter jurisdiction.

The Eleventh Amendment provides that each state is a sovereign entity and may not be sued by an individual citizen without the state's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). "State agencies and officials sued in their official capacities are 'the state' for Eleventh Amendment purposes." *Olison v. Ryan,* 2000 U.S. Dist. LEXIS 13074 at *4 (N.D. Ill. Sept. 5, 2000)(citing *Will v. Michigan Dep't. State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Whether a state official is immune from suit in federal court depends upon whether he is sued in his official or individual capacity. See *Kroll v. Bd. Trs. Univ. of Illinois,* 934 F.2d 904, 907-08 (7th Cir. 1991). "A personal-capacity action seeks to impose personal liability on an individual governmental actor for actions taken under color of state law; in contrast, an official-capacity suit is effectively a suit against the governmental entity which the individual governmental actor represents." *Robinson v. Howell,* 902 F.Supp. 836 at *4-5 (S.D. Ind. 1995)(citing *Hafer v. Melo,* 502 U.S. 21, 25, 112 S. Ct. 358, 361-62, 116 L. Ed. 2d 301 (1991); *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).

In the caption of the complaint, Plaintiffs identify Defendant Lam as being sued "individually and in his official capacity as a deputy prosecutor in the Office of the Johnson County Prosecutor, Indiana, Prosecutor." Lam argues that when sued in his official capacity, he is entitled to sovereign immunity and is not a person for purposes of § 1983.

As acknowledged by Ebeyer, a deputy prosecutor is a state official, as Lam is responsible for prosecuting crimes on behalf of the State of Indiana. See *Srivastava v. Newman,* 12 Fed. Appx. 369, 371 (7th Cir. 2001). Supreme Court precedent is clear that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against

the official's office.  As such, it is no different from a suit against the State itself." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989) (internal citations omitted).  Consequently, a suit against Lam in his official capacity is a suit against the State.

Supreme Court precedent is equally clear that "neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Id.*  Consequently, "federal suits that seek damages from state officials in their official capacities are outside the scope of Section 1983." *Knight v. Constantino,* 2006 U.S. Dist. LEXIS 35779 at * 7 (S.D. Ind. 2006)(citing *Will*, 491 U.S. at 71).  The phrase "acting in their official capacities" refers to the capacity in which the state official is sued, not the capacity in which the official inflicts the alleged injury. *Hafer v. Melo,* 502 U.S. 21, 26, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

Lam has been sued in his capacity as a state official, that being a deputy prosecutor for the State of Indiana.  Ebeyer requests damages for Lam's alleged actions in violation of the Fifth and/or Fourteenth Amendments of the United States Constitution pursuant to § 1983.  As Lam, in his official capacity, is not a "person" under § 1983, he is entitled to immunity from suit in his official capacity.  However, as he concedes in his Reply, Ebeyer may bring a claim against him in his individual capacity. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S. Ct. 358, 361-62, 116 L. Ed. 2d 301 (1991).

Therefore, Lam's motion to dismiss pursuant to Rule 12(b)(1) is granted as to the claim brought against him in his official capacity.  Consequently, the remaining arguments made by Lam will be considered only in the context of the claim brought against him individually.

## II.  12(b)(6)

Lam moves to dismiss Ebeyer's Fifth and Fourteenth Amendment claims pursuant to Rule 12(b)(6).  Ebeyer's claims are brought under § 1983, and, as set forth in Count III of the

Complaint, allege a "taking" of Ebeyer's property "without due process of law as required by the Fifth and/or Fourteenth Amendments." (Complaint, ¶ 33).

### A. Fifth Amendment Claim

Lam first asserts that the due process claim against him is more properly analyzed pursuant to the Fourteenth Amendment, and any Fifth Amendment claim should be dismissed. The relevant provisions of the Fifth Amendment state that no person shall be "deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation." The Fourteenth Amendment contains essentially the same due process provision, stating "nor shall any *state* deprive any person of life, liberty, or property, without due process of law." (emphasis added).

The Fifth Amendment's due process provision "only applies to actions taken by the federal government, not state or local governments." *Boczar v. Kingen*, 1999 U.S. Dist. LEXIS 22080, *31 (S.D. Ind. 1999)(citing *Bartkus v. Illinois,* 359 U.S. 121, 158-59, 3 L. Ed. 2d 684, 79 S. Ct. 676 (1959). Ebeyer does not appear to dispute Lam's argument, as his Response solely addresses Lam's arguments regarding the Fourteenth Amendment.[2] Lam is not a federal actor, and there are no allegations of wrongdoing by the federal government. Therefore, the facts as pled do not state a Fifth Amendment Due Process claim.

The closest Ebeyer comes to stating any other claim for relief pursuant to the Fifth Amendment is with the use of the word "taking" in his Complaint, perhaps in an effort to invoke the Takings Clause of the Fifth Amendment. The Takings Clause of the Fifth Amendment is

---

[2]At the beginning of the section of Ebeyer's Response addressing these arguments, he states: "Plaintiffs hereby voluntarily dismiss Count VI in their Complaint." (Response, pg. 7). The Court does not find a Count VI within the Complaint. Should this be a typographical error, and Plaintiffs intend to dismiss some other count within the Complaint, they should file a separate motion to dismiss that count.

applicable to the States through the Fourteenth Amendment. *Palazzolo v. Rhode Island,* 533 U.S. 606, 617, 121 S. Ct. 2448, 150 L. Ed. 2d 592 (2001)(citing *Chicago, B. & Q R. Co. v. Chicago*, 166 U.S. 226, 41 L. Ed. 979, 17 S. Ct. 581 (1897). However, no other facts have been alleged that state a claim pursuant to the Fifth Amendment's Takings Clause. In other words, Ebeyer has not alleged that his property was taken for public use without just compensation. Therefore, any Fifth Amendment claims asserted against Lam are dismissed.

### B. Fourteenth Amendment Claim

With respect to Ebeyer's Fourteenth Amendment due process claim, Lam argues Ebeyer must show that state law remedies are inadequate or an independent constitutional violation.

Ebeyer's Fourteenth Amendment claims are brought pursuant to § 1983. The Supreme Court has explained that "§ 1983 was intended not only to override discriminatory or otherwise unconstitutional state laws, and to provide a remedy for violation of civil rights where state law was inadequate, but also to provide a federal remedy where the state remedy, though adequate in theory, was not available in practice." *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990)(quoting *Monroe v. Pape,* 365 U.S. 167, 173-174 (1961)(internal quotations omitted).

Three types of § 1983 claims may be brought pursuant to the Due Process Clause of the Fourteenth Amendment. First, many of the specific protections contained in the Bill of Rights, such as freedom of speech or freedom from unreasonable searches and seizures, have been incorporated into the Clause. *Id.* Second, the Due Process Clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Id.* (quoting *Daniels v. Williams,* 474 U.S. 327, 331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)(internal quotations omitted). With respect to these two

types of claims, "the constitutional violation actionable under § 1983 is complete when the wrongful action is taken." *Id.* Finally, the Due Process Clause also contains "a guarantee of fair procedure." *Id.*

The Court has already concluded that Ebeyer failed to state a claim pursuant to the Takings Clause of the Fifth Amendment, a specific protection contained within the Bill of Rights. He alleges no other violations of specific constitutional rights afforded him by the Bill of Rights. Thus, his due process claim must consist of either a substantive or procedural violation, or both. However, because he does not specify the nature of the alleged due process violation in his Complaint, the Court will examine whether he has stated a claim for which relief may be granted for either substantive or procedural due process in his Complaint.

**1. Substantive Due Process**

Both the Supreme Court and the Seventh Circuit have "emphasized how limited the scope of the substantive due process doctrine is." *Dunn v. Fairfield Cmty. High Sch. Dist. No. 225,* 158 F.3d 962,965 (7th Cir. 1998)(citing *Washington v. Glucksberg,* 521 U.S. 702, 138 L. Ed. 2d 772, 117 S. Ct. 2258, 117 S. Ct. 2302 (1997)). Substantive due process is not "a blanket protection against unjustifiable interferences with property." *Schroeder v. City of Chicago,* 927 F.2d 957, 961 (7th Cir. 1991).

The Seventh Circuit has held that "in cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right or that available state remedies are inadequate, the plaintiff has not stated a substantive due process claim." *Kauth v. Hartford Ins. Co.,* 852 F.2d 951, 958 (7th Cir. 1988); see also *Doherty City of Chicago,* 75 F.3d 318, 325-26 (7th Cir. 1996); *Lee v. City of Chicago,* 330 F.3d at 467.

Ebeyer's property interest is clearly state-created, as his admission to bail, and his retention of a property interest in it, are governed by I.C. 35-33-8-3.2.[3] He has neither alleged a violation of some other substantive constitutional right nor that available state remedies are inadequate. Therefore, he has not stated a substantive due process claim.

**2. Procedural Due Process**

The fundamental requirement of procedural due process is that "[p]arties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Baldwin v. Hale,* 68 U.S. 223, 17 L. Ed. 531 (1864). "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965). "However, the precise timing and form of the procedures that the government must afford an individual hinge upon the particularities of the situation. Due process unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Fermaglich v. Indiana,* 2004 U.S. Dist. LEXIS 24539 at *110 (S. D. Ind. 2004)(quoting *Doyle v. Camelot Care Ctrs., Inc.,* 305 F.3d 603, 617-18 (7th Cir. 2002) and *Gilbert v. Homar,* 520 U.S. 924, 930, 138 L. Ed. 2d 120, 117 S. Ct. 1807 (1997)). "To the contrary, due process is flexible, requiring different procedural protections depending upon the situation at hand." *Doyle v. Camelot,* 305 F.3d at 618 (citing *Gilbert,* 520 U.S. at 930).

"To demonstrate a procedural due process violation, the plaintiffs must establish that there is '(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a

---

[3] I.C. 35-33-8-3.2(b) states that "[w]ithin thirty (30) days after disposition of the charges against the defendant, the court that admitted the defendant to bail shall order the clerk to remit the amount of the deposit remaining under subsection (a)(2) to the defendant. The portion of the deposit that is not remitted to the defendant shall be deposited by the clerk in the supplemental public defender services fund established under IC 33-40-3."

denial of due process.'" *Hudson v. City of Chicago,* 374 F.3d 554, 559 (7th Cir. 2004)(quoting *Buttitta v. City of Chicago,* 9 F.3d 1198, 1201 (7th Cir. 1993)). "However, because the relevant constitutional question is whether sufficient state-law protections exist, not whether sufficient protections were afforded, a complaint does not state a valid procedural due process objection . . . if it does not include a challenge to the fundamental fairness of the state procedures." *Michalowicz v. Vil. of Bedford Park,* 528 F.3d 530 (7th Cir. 2008)(quoting *Daniels v. Williams,* 474 U.S. 327, 339; 106 S. Ct. 662; 88 L. Ed. 2d 662 (1986))(internal emphasis and quotations omitted).

In *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court held that "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy. The Court in those two cases reasoned that in a situation where the State cannot predict and guard in advance against a deprivation, a postdeprivation tort remedy is all the process the State can be expected to provide, and is constitutionally sufficient." *Zinermon v. Burch,* 494 U.S. 113, 115, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).

Lam does not appear to dispute that Ebeyer has a property interest in his bond money. At issue is whether Lam has deprived Ebeyer of that interest without due process of law. Ebeyer alleges that the "actions and inactions of Defendant Lam in refusing to return" his bond deprived him of his property "without due process of law." (Complaint, ¶ 33). The "actions and inactions" of Lam are described in a preceding paragraph as follows: "Defendant Lam informed Plaintiff Theodore that the bond would not be returned and that if he, Plaintiff Theodore, wanted his bond back he, Plaintiff Theodore, would have to file a lawsuit to recover it. In so stating,

Defendant Lam told Plaintiff Theodore it would cost more to file and pursue a lawsuit to recover the bond than the bond was worth." (Complaint, ¶ 26).

As pointed out by Lam, prosecutors have no control over the retention and return of bail. I.C. 35-33-8-3.2 provides that bail bonds are deposited with the clerk of the court, or with the clerk of the court's approval, the county sheriff. Thus, by law, Lam is not the custodian of the property, i.e., the bond money. Therefore, Lam's actions (or inactions), as alleged in the Complaint, have not deprived Ebeyer of his property, as Lam, by law, has no control over the property. Therefore, treating the facts alleged in Ebeyer's Complaint as true, and drawing all inferences that may be reasonably drawn from those facts in the light most favorable to him, Ebeyer has not stated a claim upon which relief may be granted in his Complaint.

In addition, Ebeyer has pled no facts supporting his claim that he was denied due process of law. I.C. 35-33-8-3.2(b) provides for the remittance of Ebeyer's bond money by court order to the clerk. In his Complaint, Ebeyer states that no charges were filed against him, and recounts that "on several occasions" he "attempted to secure the return of his bond." (Complaint, ¶ 26). No further facts are given other than what Lam (who by law has no control over the bond) allegedly told him. The fact that no formal charges were pursued against Ebeyer should not have precluded him from petitioning the court in Johnson County for an order requiring the clerk to return his bond money, pursuant to the statute. Furthermore, other remedies may have been available to him, including various tort claims.

While Ebeyer was not required to exhaust any State remedies he might have had prior to filing his § 1983 claim, *Veterans Legal Def. Fund v. Schwartz,* 330 F.3d 937, 941 (7th Cir. 2003), no due process violation can occur when adequate remedies exist. "The whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide

adequate remedies.  Therefore, we do not require a plaintiff to pursue those remedies in order to challenge their adequacy, but likewise we do not allow a plaintiff to claim that [he] was denied due process just because [he] chose not to pursue remedies that were adequate." *Id.*

Similarly, while Ebeyer was free to choose not to pursue what remedies were available to him, in order to state a claim for relief, he must allege that those remedies were inadequate or unfair.  He has not done so.

In making this determination, the Court notes that, as a matter of discretion, it has chosen not to consider the affidavit of Ebeyer, which was submitted with his Response as Exhibit A.  *See, Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. Ill. 1998).  In order to consider materials beyond the Complaint itself, Lam's motion to dismiss pursuant to Rule 12(b)(6) would have to be converted into one for summary judgment.  Fed. R. Civ. P. 12(d); *Duda v. Bd. of Educ.,* 133 F.3d 1054, 1056 (7th Cir. 1998).  At this juncture, the Court is only determining the legal issues raised by the pleadings.  No determination is being made as to any factual matters.  *Levenstein*, *supra*.

### Conclusion

For the foregoing reasons, Lam's Motion to Dismiss is **GRANTED.**  Count III of the Complaint is **DISMISSED** without prejudice.

**SO ORDERED.**

07/15/2008

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@whbwlaw.com

Tami R. Hart
LAW OFFICES OF LAWRENCE M. REUBEN
hart@reubenlaw.net

Kevin  McShane
kmcshane52@hotmail.com

Daniel J. Paul
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dpaul@whbwlaw.com

Juliana B. Pierce
INDIANA STATE ATTORNEY GENERAL
Julie.Pierce@atg.in.gov

Lawrence M. Reuben
Law Offices of Lawrence M. Reuben
reuben@reubenlaw.net

Cory Christian Voight
INDIANA STATE ATTORNEY GENERAL
cory.voight@atg.in.gov